UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA        )
                                )
         v.                     )    CASE No. 1:05-cr-194-MEF
                                )              (WO)
GUSTAVUS K. JOHNSON             )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Now pending before the court are two *pro se* motions filed by federal inmate Gustavus

K. Johnson ("Johnson") relating to his criminal case.  Johnson challenges the sentence

imposed on him in 2006 following his guilty plea to charges of possession of a firearm by

a convicted felon, possession with intent to distribute cocaine base, and possession of a

firearm during a drug trafficking crime.  (Doc. # 82).  Johnson did not take a direct appeal,

but in 2007 he filed a motion to vacate pursuant to 28 U.S.C. § 2255.  That motion was

denied, and the court's denial was affirmed on appeal.  (Doc. # 124).  On October 12, 2011,[1]

Johnson filed a motion to reopen and conduct new proceedings in which he argues that the

trial judge was racially biased against him which resulted in him receiving an overly harsh

sentence.  (Doc. # 135)  On April 19, 2012, the court notified the petitioner, in accordance

---

[1] Johnson signed his motion on October 12, 2011.  The law is well settled that a pro se inmate's motion is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [Johnson's] motion was delivered to prison authorities the day [he] signed it . . ." *Washington v. United States*, 243 F.3d 1299 (11th Cir. 2001).  In light of the foregoing and without any contradictory evidence, the court concludes that October 12, 2011 should be considered the date of filing of Johnson's motion.

with *Castro v. United States*, 540 U.S. 375 (2003), of the court's intention to re-characterize his motion as a § 2255 motion.  (Doc. # 149).  In response to the court's *Castro* order, the petitioner filed a motion to compel to have proceedings conducted before an impartial judge (doc. # 151).  For the reasons now discussed, the court concludes that Johnson's motion to reopen and conduct new proceedings (doc. # 135) and motion to compel (doc. # 151) should be dismissed as unauthorized successive § 2255 motions, and the motions dismissed.  *See* 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h).

## I.    DISCUSSION

### A.  General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to 28 U.S.C. § 2255 are extremely limited.  A petitioner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  "[A] non-constitutional error that may justify reversal on direct appeal

does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Id.* at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice"). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier* provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent...." 477 U.S. 478, 496 (1986).

### B.  Successive 28 U.S.C. § 2255 motions

As noted earlier, this is not the first 28 U.S.C. § 2255 motion filed by Johnson attacking his conviction and sentence in *United States v. Johnson,* Case No. 1:05-cr-194-JTC (N.D. Ga. 2006). Johnson's first § 2255 motion was filed on October 22, 2007,[2] alleging ineffective assistance of counsel and challenging his sentence. *See* Doc. # 91. Specifically, Johnson alleged that his trial counsel was ineffective for failing to (1) perfect a direct appeal; (2) properly advise him regarding entering a guilty plea; (3) conduct a thorough pre-trial investigation; (4) file a suppression motion; and (5) investigate and challenge a 21 U.S.C. § 851 sentencing enhancement. Finally, Johnson challenged his conviction pursuant to 18 U.S.C. § 924(c). On August 19, 2008, the court entered judgment against him, deciding all claims adversely to him and denying the § 2255 motion. *See* Docs. # 103 & 104. Johnson

---

[2] *See* Fn 1, *supra.*

appealed to the Eleventh Circuit Court of Appeals which affirmed the denial of his § 2255 motion. *See* Doc. # 124.

Now pending before the court is Johnson's motion to reopen and conduct new proceedings (doc. # 135) and motion to compel (doc. # 151). In his motion to reopen, Johnson alleges that his sentencing was tainted by the trial judge's racial bias. *See* Doc. # 135. In his motion to compel, Johnson challenges the entry of his guilty plea alleging that he was "verbally intimidated . . . in such a tone of voice that it prompted [him] to concede to committing an offense (possessing a firearm) he was not guilty of committing." (Doc. # 151 at 3). He also alleges that he was denied due process in his sentencing because of the trial judge's racial animosity towards African-American men. (*Id*. at 4-5). In both motions, Johnson seeks to reduce his sentence, and he raises claims previously raised in his first § 2255 motion.

28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction and sentence, unless the remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981); *Lane v. Hanberry*, 601 F.2d 805 (5th Cir. 1979).[3] The remedy afforded by § 2255 is not deemed inadequate or ineffective merely because an inmate's motion is barred by the applicable one-year limitation period or the gatekeeping provision on successive petitions contained in 28

---

[3] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

U.S.C. §§ 2255 & 2244(b)(3)(A).  *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998).  Moreover, "[t]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision. . .."  *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citations omitted).  Finally, a federal prisoner cannot escape the procedural restrictions placed on § 2255 motions by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") simply by characterizing his pleadings in a manner designed to avoid those procedural restrictions.  *See Wofford v. Scott*, 177 F.3d 1236, 1244-45 (11th Cir. 1999).  "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework."  *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990).  Thus, regardless of Johnson's own labeling of his pleadings, the court finds that his motions are of the same legal effect, and should be construed, as motions to vacate, set aside, or correct under 28 U.S.C. § 2255.

Johnson previously filed a § 2255 motion attacking his 2006 conviction and sentence. Because both his motions now seek to attack the validity of his conviction and sentence, and the motions seek relief from this court that is appropriate only under 28 U.S.C. § 2255,  the court concludes that the motions are properly characterized as successive motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  *See United States v. Holt,* 417 F.3d 1172, 1175 (11th Cir. 2005); *Carter v. United States*, 405 Fed. Appx. 409, 410 (11th

5

Cir. 2010).

A second or successive § 2255 motion in the district court requires the movant first to move in the appropriate court of appeals for an order authorizing the district court's consideration of the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255 ¶8.

The pleadings and documents in this case reflect that Johnson has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. Thus, this court lacks the jurisdiction to consider Johnson's present motions, and the motions are due to be summarily dismissed. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Sec'y, Dep't. of Corrs.*, 377 F.3d 1315, 1317 (11th Cir. 2004). *See also* 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h).

### C. Rule 60(b) motion

In response to the court's *Castro* order (doc. # 149), Johnson filed a motion to compel (doc. # 151) in which he "attacks a fundamental defect in the integrity of his prior § 2255 habeas corpus proceeding; that is, based upon the former judge's judicial biasness (sic) and

6

questioned impartiality towards African-Americans." (*Id*. at 6).  To the extent that Johnson's motion to compel can be construed as a motion for relief pursuant to FED.R.CIV.P. 60(b), he is entitled to no relief.

Pursuant to FED.R.CIV.P. 60(b), a litigant may move for relief from an otherwise final judgment in a civil case.[4]  "Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007).  Rule 60, like all Federal Rules of Civil Procedure, applies only to civil actions and proceedings in the United States District Court. *See* FED.R.CIV.P. 1.  Thus, it is well settled that FED.R.CIV.P. 60 does not provide a vehicle for relief from a judgment in a criminal case.  *See United States v. Fair*, 326 F.3d 1317 (11th Cir. 2003); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998).

In *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005), the Supreme Court provided guidance as to how prisoner claims under Rule 60 should be construed.[5]  If the motion seeks to add a new ground for relief from the underlying judgment of conviction or sentence, or

---

[4]  Rule 60(b) provides, in sum, the following six bases for relief: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason justifying relief from the operation of the judgment.  FED.R.CIV.P. 60(b).

[5]  *Gonzalez* addressed this issue in the context of a 28 U.S.C. § 2254 petition for habeas corpus relief.  However, the Eleventh Circuit recognizes that "the principles developed in habeas cases also apply to § 2255 motions." *Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987).  Moreover, the Eleventh Circuit has stated that the holding and rationale of *Gonzalez* apply equally to § 2255 and § 2254 habeas proceedings. *See El-Amin v. United States*, 172 Fed. App'x 942 (11th Cir. 2006); *United States v. Terrell*, 141 Fed.App'x 849 (11th Cir. 2005).

otherwise attacks the district court's resolution of any original § 2255 claims on the merits, then the court should construe the Rule 60 motion as a second or successive § 2255 motion and dismiss it accordingly.  *Id.*; *see also Williams*, 510 F.3d at 1293-94.  By contrast, "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," courts should not treat the Rule 60 motion as a successive § 2255 motion.  *Gonzalez*, 545 U.S. at 532-33. *See also Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) ("A Rule 60(b) motion . . . that asserts or reasserts *no* claim but instead attacks "some defect in the integrity of the federal habeas proceedings" is not barred.") (emphasis added).  Such motions can be ruled on by the district court without the pre-certification from the court of appeals that is ordinarily required for a second or successive § 2255 motion.[6]  *Gonzalez*, 545 U.S. at 538.

It is readily apparent that Johnson's Rule 60 motion asserts claims related to his conviction and sentence.

> The Supreme Court has held that, if a Rule 60(b) motion seeks to add a new ground for relief or attacks a federal court's previous resolution of a claim on the merits, it constitutes a habeas corpus claim.  *Gonzalez*, 545 U.S. at 532, 125 S.Ct. at 2648.

*Williams v. United States,* 360 Fed. Appx. 34, 36 (11th Cir. 2010).

---

[6] The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, a petitioner must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion.  *See* 28 U.S.C. § 2244(b)(3)(A).  The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  *See* 28 U.S.C. § 2255(h).

"[A] Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition." *Gonzales*, 545 U.S. at 534 (emphasis in original). The claims and arguments Johnson presents in his motion to compel (doc. # 151) are an effort to relitigate the claims he presented in his prior § 2255 motion under the guise of "racial bias" even though the court previously rejected on his claims on the merits. *See* Doc. # 103. To the extent that Johnson's motion to compel is construed as a FED.R.CIV.P. 60(b) motion, it is due to be denied as a successive petition.

However, in his motion, Johnson not only challenges his conviction but he also challenges the resolution of his prior § 2255 motion. According to Johnson, the trial judge denied his first § 2255 motion simply because he was biased against African-American men. Arguably, this aspect of the motion can be construed as a Rule 60(b) motion challenging the integrity of the underlying proceeding rather than just attacking his conviction and sentence. *See Gonzales*, 545 U.S. at 532. Because the Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceeding," the court concludes that on this limited issue, it should not be treated as a successive petition. *Id*.

In support of this aspect of his Rule 60(b) motion, Johnson asserts that the trial judge "was prejudicially biased towards and possessed a deep rooted hatred for African Americans." (Doc. # 151 at 6). Johnson points the court to no specific facts in support of his claim. "Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *Saunders v. United States*, 380 Fed. Appx. 959, 964 (11th

Cir. 2010). *See also Santa v. United States*, 492 Fed. Appx. 949, 951 (11th Cir. 2012) ("A movant seeking relief pursuant to Rule 60(b) must show "extraordinary circumstances" justifying the reopening of a final judgment."); *Williams v. United States*, 360 Fed. Appx. 34, 35 (11th Cir. 2010) (same).

Johnson has failed to provide the court with a "compelling" justification to grant relief under Rule 60(b). *Saunders*, 380 Fed. Appx. at 964. Johnson's conclusory allegations are unsupported by any facts and are simply insufficient to warrant relief under Rule 60(b). Johnson presents no evidence at all to suggest that the trial judge was biased against him when denying him relief in his previous § 2255 proceeding, a denial which was upheld after appellate review. Thus, to the extent that Johnson's Rule 60 motion challenges the integrity of the earlier § 2255 proceeding, the motion is due to be denied.

## II.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Johnson's § 2255 motions (docs. # 135 & 151) be denied and this case dismissed, as Johnson has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. It is further the RECOMMENDATION of the Magistrate Judge that Johnson's motion pursuant to FED.R.CIV.P. 60(b) be DENIED. Finally, it is

ORDERED that the parties shall file any objections to this Recommendation on or before **June 14, 2013.**   A party must specifically identify the findings in the

Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

Done this 31st day of  May, 2013.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE